**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
J&J SPORTS PRODUCTIONS, INC.
as Broadcast Licensee of the
May 5, 2007 DeLaHoya/Meriweather
Program,

      Plaintiff,

 - against -

EVANGELINA QUIZHHPI, *et al*.,

      Defendants.
-------------------------------------------------------X

REPORT & RECOMMENDATION

07-CV-3448 (CPS) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

  Plaintiff J&J Sports Productions ("plaintiff" or "J&J") seeks an award of damages against defendants Evangelina Quizhpi and El Rocio Restaurant, Inc. (collectively, "defendants"), for alleged violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605(a) ("FCA"). (*See* Compl. ¶ 1.) J&J filed its complaint on August 16, 2007, and claims to have served defendants on August 31 and September 27, 2007. (Docket Entries 4 and 6.) As a result of defendants' failure to answer J&J moved for a default judgment. (Docket Entry 7.) The Clerk noted defendants' default on November 2, 2007. (Docket Entry 8.) On November 7, 2007, the Honorable Charles P. Sifton referred the matter to me for a report and recommendation on the issues of jurisdiction, damages, attorneys fees and injunctive relief. (Docket Entry 10.) For the reasons that follow, I respectfully recommend that plaintiff be awarded a judgment in the amount of $3,550 against defendants jointly and severally.

For the sake of brevity, I will dispense with the protracted explanation of the facts and law normally associated with damages inquests in cable piracy cases.[1] Suffice it to say that I have carefully reviewed the complaint and plaintiff's submissions in support of its motion for a default judgment, and those submissions and the fact that defendants are in default establish that this Court has jurisdiction over this dispute, and that defendants illegally intercepted the pay-per-view boxing match at issue and exhibited that match without authorization to the patrons at the El Rocio Restaurant on May 5, 2007. *E.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (upon entry of default party concedes all well-pleaded factual allegations in complaint except those relating to damages). Defendants' actions violated 47 U.S.C. §§ 553(a) and 605(a), and therefore plaintiff's motion for a default judgment should be granted.

As for damages, plaintiff should be awarded judgment in the amount of $3,000. In determining the proper amount of statutory damages, a court may consider such factors as "the pecuniary loss sustained by the victim as a result of the offense, the financial resources of the defendant, . . . the financial needs and earning ability of the defendant . . . as well as the burden that a damage award would impose on the defendant relative to the burden alternative relief would impose." *Cablevision Sys. Corp. v. De Palma*, No. 87-CV-3528, 1989 WL 8165, at *6 (E.D.N.Y. Jan.17, 1989) (quoting *Cablevision Sys. Dev. Co. v. Cohen*, No. 84-CV-1155, slip. op. at 4-5 (E.D.N.Y. May 20, 1988)). Some courts have awarded flat amounts. *See Home Box Office v. Champs of New Haven*, 837 F. Supp. 480, 484 (D.Conn.1993) (awarding $10,000 in

---

[1] The facts of this case are substantially similar to those in *J & J Sports Productions, Inc. v. Echeverria*, No. 06-CV-1266 (CBA)(SMG), 2007 WL 595025, at *1 (E.D.N.Y. Mar. 16, 2007), with the main exception being that case was brought against different defendants operating a different type of establishment – a barbershop. Of course, the law is the same. *Id.* at *2-5.

statutory damages); *Kingvision Pay-Per-View Ltd. v. Brito*, No. 05-CV-1042, 2006 WL 728408 (GBD)(RLE), at *2 (S.D.N.Y. Mar. 20, 2006) (awarding $5,000 in statutory damages); *Kingvision Pay-Per-View, Ltd. v. Ruiz*, No. 04-CV-6566 (DC), 2005 WL589403, at *2-3 (S.D.N.Y. Mar. 9, 2005) (awarding $5,000 in statutory damages). Other courts have assessed damages by multiplying the number of patrons who viewed the event by the amount an individual would pay to view the program at home on a pay-per-view channel. *See Time Warner Cable of New York City v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997) (awarding statutory damages of $50 per patron); *Cablevision Systems Corp. v. 45 Midland Enters.*, 858 F. Supp. 42, 45 (S.D.N.Y. 1994) (same).

Based on the affidavits submitted in support of the motion for a default judgment, defendants exhibited the boxing match without authorization to approximately fifty patrons at El Rocio Restaurant. (*See* Pl.'s Aff. for Default, Ex. C at 2.) Utilizing the per-patron method, statutory damages would be $2747.50 ($54.95 x 50 patrons). I find that such an award is too low, and recommend that plaintiff be awarded a flat amount of $3,000 in statutory damages. This amount takes into account the likely pecuniary loss of plaintiff and the financial resources, needs, and earning ability of the defendants, as well as the burden that a greater damage award would impose on the defendants. *See Cablevision Sys. Corp. v. De Palma*, No. 87-CV-3528, 1989 WL 8165, at *6 (E.D.N.Y. Jan. 17, 1989) (quoting *Cablevision Sys. Dev. Co. v. Cohen*, No. 84-CV-1155, slip. op. at 4-5 (E.D.N.Y. May 20, 1988)). Given the default, there is little information in the record to assess defendants' financial circumstances. Nevertheless, I am sure that the defendants do not have the financial ability to afford a higher statutory damage award. A statutory damage award of $3,000 is consistent with other statutory damage awards I have recommended, and district judges have adopted, in similar cases. *KingVision Pay-per-View, Ltd.*

v. *Corniel*, No. 07-CV-355 (ILG)(RER), 2007 WL 2667449 (E.D.N.Y. Sept. 6, 2007); *KingVision Pay-Per-View Ltd. v. Los Mellizos Bar Rest. Corp.*, No. 06-CV-6251 (NG)(RER), 2007 WL 1703773 (E.D.N.Y. June 8, 2007); *Garden City Boxing Club, Inc. v. 704 Nostrand Corp.*, No. 06-CV-4875 (CBA)(RER), 2007 WL 608238 (E.D.N.Y. Feb. 23, 2007).

J&J also seeks enhanced damages of $100,000 on the ground that the violation was committed willfully and for commercial advantage or private financial gain. 47 U.S.C. § 605(e)(3)(C)(ii). J&J's assertion that the violation was willful is *not* established by virtue of the default, because willfulness is an issue of damages only, not liability. *See J&J Sports Productions, Inc. v. Louisias*, No. 06-CV-339 (ERK)(RER), 2006 WL 1662608, at *4 & n.6 (E.D.N.Y. May 16, 2006). In any event, I believe it unnecessary to delve into the questions of willfulness or enhanced damages as the appropriate award of "unenhanced" damages is well below the $10,000 statutory maximum. *Kingvision Pay-Per-View, Ltd. v. Espinosa*, No. 05-CV-10178 (KMW)(GWG), 2007 WL 625362, at *3 n. 4 (S.D.N.Y. Feb. 28, 2007) (declining to award enhanced damages because "unenhanced" statutory damage award was below the $10,000 maximum); *Los Mellizos Bar Rest Corp.*, 2007 WL 1703773, at *4 (same); *Focused Enterprises, Ltd.*, 2007 WL 1655647, at *4 (same); *704 Nostrand Corp.*, 2007 WL 608238, at *4 (same). The $4,000 unenhanced statutory damage award will sufficiently punish defendants and deter them, and others, from engaging in such conduct in the future, as well as adequately compensate plaintiff for any lost profits.

The FCA mandates the award of reasonable attorneys' fees and costs to a prevailing party. *See* 47 U.S.C. § 605(e)(3)(B)(iii). J&J does not seek attorney's fees, but does seek $550 in costs for bringing this action ($350 in filing fees and $200 for service of process). J&J should be awarded that amount. *See, e.g.*, *Louisias*, 2006 WL 1662608, at *6.

4

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the Court award J&J $3,550 in damages against defendants jointly and severally.[2]  Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Charles P. Sifton within ten business days of receipt hereof.  Failure to file timely objections may waive the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).  Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendants by December 11, 2007 at their last known address, and to file proof of service with the Clerk of the Court.

**Dated: December 6, 2007**
      **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[2]  I have carefully examined plaintiff's submissions and find that there is a factual basis to hold the individual defendant, Evangelina Quizhpi, liable as the owner and operator of the corporate defendant El Rocio Restaurant, Inc.  Indeed, Ms. Quizhpi is listed as the registered agent for the corporate defendant in the records of the New York State Department of State.